IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | | |
|---|---|---|
| Gregory Dunkley, #49586-019, | ) | C/A No. 6:06-2139-JFA-WMC |
| | ) | |
| Petitioner, | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Matthew B. Hamidullah, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the court for review of the magistrate judge's Report and Recommendation ("Report") made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c) (D.S.C.):

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia,* 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

I.  Background

The pro se petitioner, Gregory Dunkley, brings this action seeking habeas corpus relief under 28 U.S.C. § 2241. Petitioner was convicted in the United States District Court for the Northern District of Georgia on charges of conspiracy to possess and possession of MDMA. He was sentenced to a 121 months in prison on June 24, 1999. He is serving his sentence at the Federal Correctional Institution in Estill, South Carolina (FCI Estill) and has a projected release date of December 24, 2008, via Good Conduct Time release. He filed this action challenging the validity of the Bureau of Prison's (BOP) regulations regarding the transfer of inmates to Residential Reentry Centers (RRC), formerly referred to as community confinement centers or halfway houses. He requests that the BOP consider him for immediate transfer to an RRC in Florida.

The Magistrate Judge's detailed Report recommends that the government's motion to dismiss/summary judgment filed by the respondent should be denied and the petitioner's motion for summary judgment be granted. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The petitioner was advised of his right to file objections to the Report, but has not filed any. The respondent filed its objections on August 13, 2007.

II.  Discussion

Pursuant to the statutory scheme set forth by Congress, the BOP takes custody of federal offenders who have been sentenced to serve a term of incarceration. For offenders

sentenced to imprisonment, 18 U.S.C. § 3621 (b) instructs the BOP to designate the place of imprisonment. BOP is directed to allow prisoners to reside in RRCs at the last of their sentence to allow for a period of adjustment. 18 U.S.C. § 3624(c). BOP has changed its regulations several times in connection with placement of prisoners in RRCs. These changes have spawned considerable litigation by inmates seeking placement in RRCs at the earliest possible time, i.e., a full six months prior to release.  District courts have differed in their analyses of the validity of the BOP's regulations.  The First and Eighth Circuits have found the policy contrary to the plain meaning of 18 U.S.C. § 3621(b).  See Goldings v. Winn, 383 F.3d 17 (1st Cir.2004); Elwood v. Jeter, 386 F.3d 842 (8th Cir.2004).

     As an initial matter, the court rejects respondent's argument that this court lacks subject matter jurisdiction under § 2241 to consider the petitioner's challenge.  According to 28 U.S.C. § 2241, an inmate can challenge the manner in which the BOP carries out his sentence. A petition under 28 U.S.C. §2241 is limited to those claims challenging the validity of an individual's detention and execution of the current sentence. Where a petitioner challenges the effect of events subsequent to his sentence on that sentence, a 28 U.S.C. § 2241 is an appropriate remedy. This type of judicial review may be sought in the district of confinement. United States v. Miller, 871 F.2d 488, 490 (4th Cir. 1989); McNair v. McCune, 527 F.2d 874, 875 (4th Cir. 1975). Therefore, this court has proper subject matter jurisdiction. Chatman-Bey v. Thornburgh, 864 F.2d 804, 809 (D.C. Cir. 1988).

The court also rejects respondent's contention that the petition should be dismissed because petitioner has not exhausted his administrative remedies. Federal inmates generally are required to exhaust their administrative remedies prior to filing a § 2241 petition. However, a number of courts have found that requiring inmates to challenge the BOP's policy regarding placement in a RRC through the administrative process would be futile. See, e.g. Faglio v. Smith, 326 F.Supp.2d 589, 590 (M.D.Pa. 2004)(exhaustion would be futile because the BOP has adopted a clear and inflexible policy regarding its interpretation of 18 U.S.C. § 3624(c)); Zucker v. Meinfee, 2004 WL 102779 (S.D.N.Y. Jan 21, 2004)("[G]iven the subordinate relation of the highest level of administrative appeal to the source of the interpretation at issue in this case" the petitioner's failure to exhaust was excused as being futile).

To the extent that exhaustion has been applied to habeas corpus, such a requirement is not mandated by statute. Instead, exhaustion prerequisites in habeas corpus actions arising under § 2241 are merely judicially imposed. For this reason, it follows that a court has the discretion to waive that requirement in certain circumstances. See LaRue v. Adams, 2006 WL 1674487 *8 (S.D. W. Va. June 12, 2006) (recognizing that several circuit and district courts have found that the exhaustion requirements may be waived under § 2241 and noting that although the Fourth Circuit has not directly addressed this issue, it has shown a willingness to adopt a futility exception to the general exhaustion requirement in habeas corpus actions). Here, it is not disputed that the petitioner failed to exhaust his administrative remedies prior

4

to filing this petition. However, exhaustion woul.d be futile in this instance "because the BOP has adopted a clear and inflexible policy regarding its interpretation of 18 U.S.C. § 3624(c)." Fagiolo v. Smith, 326 F.Supp.2d at 590. Accordingly, this court finds that exhaustion is waived.

However, after carefully fully reviewing the applicable law, the record in this case, and the Report, and the respondent's objections, the court finds it unnecessary to determine the merits of petitioner's claim. Because it appears that petitioner is now eligible for the precise relief he originally sought, the court finds his claim is now moot. Leonard v. Hammond, 804 F.2d 838 (4th Cir. 1986).

For the foregoing reasons, the court accepts the Magistrate's Report to the extent of its recitation of the relevant facts and standards of law, without need to address the legal analysis contained therein. The court dismisses the petition as MOOT.

IT IS SO ORDERED.

Joseph F. Anderson, Jr.

August 30, 2007                                   Joseph F. Anderson, Jr.
Columbia, South Carolina                          United States District Judge